UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| In re<br>LEGAL IGAMING, INC.,<br>                              Debtor,<br><br>EQUITY HOLDERS,<br>                              Appellant,<br>v.<br>LEGAL iGAMING, INC., a Nevada Corporation,<br>                              Appellee. | Case No. 2:12-cv-00047-MMD-GWF<br>BK No. 11-12771-BTB<br><br>ORDER<br><br>(Appellee's Motion to Dismiss Appeal of Order Denying Motion to Set Aside Order Entered August 17, 2011 – dkt. no. 5) |

## I.   SUMMARY

Before the Court is Appellee Legal iGaming Inc.'s Motion to Dismiss Appeal of Order Denying Motion to Set Aside Order Entered August 17, 2011 ("Motion to Dismiss"). (Dkt. no. 5.) This Appeal was brought before the district court while another appeal of the same underlying Order was pending before the Bankruptcy Appellate Panel (the "BAP"). Because the issues in both appeals are essentially the same, the BAP referred the original appeal pending before it to this Court. (Dkt. no. 8.) After the referral, Appellants Equity Holders filed a response in opposition to Appellee's Motion, which included a Countermotion for Order Setting Aside Confirmation for Lack of Subject Matter Jurisdiction ("Countermotion"). (Dkt. no. 14.) For the reasons discussed below,

the Motion to Dismiss is granted, and the appeal of the original Order and Appellants' Countermotion are dismissed and denied as moot.

**II.   BACKGROUND**

This appeal is one of two appeals that arise out of the sale of assets in Appellee's bankruptcy proceeding. Appellants — a contingency of Appellee's stockholders — opposed the sale. Nonetheless, after hearing arguments from the parties, the Bankruptcy Court found the sale acceptable and entered an Order approving the sale on August 17, 2011 (the "Sale Order"). Appellants filed a notice of appeal of the Sale Order with the BAP on August 24, 2011 ("Appeal 1"). However, while Appeal 1 was pending, and after it had been fully briefed, Appellants filed a Motion to Set Aside the Sale Order with the Bankruptcy Court. The BAP stayed Appeal 1 pending the resolution of the Motion to Set Aside, which the Bankruptcy Court subsequently denied. Appellants then filed a separate notice of appeal from the Order Denying the Motion to Set Aside the Sale Order on January 6, 2012, this time with the district court rather than the BAP ("Appeal 2").

Appellee then filed the Motion to Dismiss with this Court seeking dismissal of Appeal 2 arguing, *inter alia*, the appeal was improper because Appeal 1 — an appeal of the same underlying Sale Order — was still pending before the BAP. Before Appellants' response was filed, the BAP referred Appeal 1 to this Court because it presented essentially the same issues as Appeal 2. Thus, both appeals are properly before the Court.

In the meantime, the bankruptcy proceedings continued as Appellants did not seek or obtain a stay. While the appeals were pending, the Bankruptcy Court entered the Confirmation Order approving Appellee's chapter 11 reorganization plan on February 27, 2012. Appellee entered the Notice of Entry of the Confirmation Order the next day, and fourteen days after that, having received no notice of appeal of the Confirmation Order, distributed the funds from the sale. Appellants took no action in relation to the

///

Confirmation Order until April 13, 2012, when they included their Countermotion with their response to Appellee's Motion to Dismiss.

## III. DISCUSSION

### A. Mootness

Preliminary to any examination of the merits of either the appeals or the Countermotion is the question of subject matter jurisdiction. Appellee argues that the Appeal is moot because the Court lacks the ability to afford Appellants any relief given that the sale was finalized with a good faith purchaser, the Confirmation Order was entered and unopposed, and the funds distributed accordingly. While Appellee only specifically raises mootness in response to Appeal 2, because of the intertwined nature of the case, this argument applies equally to Appeal 1. The Court will thus address mootness in connection with both appeals.[1]

Appeals may not be entertained if the case is moot. *In re Thorpe Insulation Co.*, 677 F.3d 869, 879-80 (9th Cir. 2012). However, the "party moving for dismissal on mootness grounds bears a heavy burden." *Jacoubus v. Alaska*, 338 F.3d 1095, 1103 (9th Cir. 2003).

"Bankruptcy appeals may become moot in one of two (somewhat overlapping) ways." *In re Focus Media, Inc.*, 378 F.3d 916, 922 (9th Cir. 2004). The first way derives from the case and controversy requirement of Article III. *In re Thorpe*, 677 F.3d at 880. The test for this constitutional mootness of an appeal "is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor. If it can grant such relief, the matter is not moot." *Felster Publ'g v. Burrell (In re Burrell)*, 415 F.3d 994, 998 (9th Cir. 2005) (quoting *Garcia v. Lawn*, 805 F.2d 1400, 1402 (9th Cir. 1986)).

///

---

[1] For ease of reference, the Court will refer to Appeal 1 and Appeal 2 as one "Appeal."

The second way derives from equity and the public policy in support of finality of bankruptcy judgments and is often referred to as "equitable mootness." *In re Thorpe*, 677 F.3d at 880.  A bankruptcy appeal may become equitably moot when "[a]ppellants have failed and neglected diligently to pursue their available remedies to obtain a stay of the objectionable orders of the Bankruptcy Court," thus "permitt[ing] such a comprehensive change of circumstances to occur as to render it inequitable . . . to consider the merits of the appeal." *Trone v. Roberts Farms, Inc. (In re Roberts Farms, Inc.)*, 652 F.2d 793, 798 (9th Cir. 1981).  Consequently, where it would be inequitable to undo a bankruptcy order once it is implemented, a party must at least pursue a stay (although it need not be granted) in order to preserve the right of appeal.  *See, e.g.*, *In re Thorpe*, 677 F.3d at 881.  However, where the order "does not present transactions that are so complex or difficult to unwind," a stay is not a necessary requirement for appeal. *In re Lowenschuss*, 170 F.3d 923, 933 (9th Cir. 1999).

Here, while the Appeal is not constitutionally moot, the equitable mootness doctrine is implicated.  Under the constitutional mootness approach, the Court is able to grant relief.  Assuming the Appeal is decided in Appellants' favor, the Court could reverse the Sale Order, set aside the Confirmation Order, and remand to the Bankruptcy Court for further proceedings consistent with the Appeal.  However, such relief may be inequitable under the doctrine of equitable mootness

The Ninth Circuit has endorsed a four-factor test to assess the various equitable considerations involved in the application of the equitable mootness doctrine to bankruptcy appeals.  First, a court considers whether the party has fully pursued its rights and sought a stay.  *In re Thorpe*, 677 F.3d at 881.  Second, the court assesses if "substantial consummation of the plan has occurred." *Id.*  Third, the court looks "to the effect a remedy may have on third parties not before the court." *Id.*  Finally, the court evaluates "whether the bankruptcy court can fashion effective and equitable relief without completely knocking the props out from under the plan and thereby creating an uncontrollable situation." *Id.*

Applying this test, the Court concludes that the Appeal is equitably moot. First, Appellants have not fully pursued their rights by seeking a stay pending appeal to prevent implementation of the Confirmation Order. They now essentially seek to undo all that the Bankruptcy Court did. For this reason, the bankruptcy proceedings have continued to their ultimate culmination, making their undoing untenable. Second, the consumnation of the plan is more than substantial; it is complete. The asset sale was approved by the Court, the parties closed on the transaction, the money was paid, and the funds distributed to Appellee's creditors. Reversing these transactions would not be simple. Third, the actions Appellants request the Court to take would have an adverse impact on third parties not before the Court. The patents were sold to a third party, whom the Bankruptcy Court determined a good faith purchaser. Appellee and that third party closed on the agreement and the sale has been finalized and confirmed. Granting Appellants' Appeal would greatly and detrimentally affect the rights of the buyer. Finally, a reversal of the approval of the bankruptcy plan at this point would "knock the props out" from underneath the plan. The sale of the assets was essential to the reorganization plan. Reversing the transaction would not only disturb the reorganization plan, but would require a complete restart of the bankruptcy proceedings. Further, it would require all creditors to whom funds were distributed to return all that they received and those funds may have been spent at this juncture. Because all factors of the test point in favor of applying the equitable mootness doctrine, the Court holds that the Appeal is moot and cannot be heard.

**B.   Countermotion to Set Aside Confirmation Order**

In an attempt to circumvent the mootness analysis, Appellants bring a collateral attack on the Confirmation Order, arguing that it should be set aside because the filing of their appeal deprived the Bankruptcy Court of jurisdiction. If the Bankruptcy Court indeed lacked jurisdiction, setting aside the Confirmation Order could require gathering the previously dispersed funds, and could potentially affect the equitable mootness

///

5

analysis. However, the Court need not reach the effect of setting aside the Confirmation Order because Appellants' jurisdictional challenge is without merit.

Appellants rely on *Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 200 (9th Cir. 1977) for the proposition that "once a notice of appeal has been filed, the lower court loses jurisdiction over the subject matter of the appeal." Appellants argue that their notice of appeal acted as a de facto stay on proceedings, which prevented the Bankruptcy Court from taking further action. However, Appellants' argument is disingenuous and misstates the law. The cited rule, as applied in *Combined Metals* and other cases, prevents lower courts from vacating or substantially modifying orders on which appeals are pending. *See e.g.*, *id.*; *In re Marino*, 234 B.R. 767, 769 (B.A.P. 9th Cir. 1999). In fact, although part of *Combined Metals* concerns the mootness doctrine, the portion Appellants cite concerns an appeal that was never challenged as moot. 557 F.2d at 200. Rather, the portion of the *Combined Metals* decision that is factually on point — and the portion that Appellants completely ignore — states the well-established rule that, absent a stay of proceedings, the filing of a notice of appeal does not act as an injunction and the lower court retains jurisdiction to implement and enforce its order. *Id.* at 189. *Combined Metals* goes on to state that this rule may act to bar relief even if the disputed order is subsequently overturned on appeal. *Id.*

Appellants' remaining legal authorities and supporting arguments similarly misstate the law. The Bankruptcy Court retained jurisdiction to implement and enforce the Sale Order, even though an appeal was pending. Thus, Appellants' Countermotion is without merit and denied.

**C.   Sanctions**

In their Motion to Dismiss, Appellee asks the Court to sanction Appellants under Fed. R. App. P. 38 for filing a frivolous appeal. However, the applicable rule is Fed. R. Bankr. P. 8020, which provides that district courts and bankruptcy appellate panels may "award just damages and single or double costs" if the court determines that the appeal is frivolous. A request for sanctions under Fed. R. Bankr. P. 8020 typically

requires a "separately filed motion or notice from the court." A request for sanctions contained in a brief is procedurally improper because it does not provide an adequate opportunity to respond. *In re Schmitt*, 215 B.R. 417, 425 (9th Cir. BAP 1997). Appellee's request for sanctions is therefore denied.

## IV.     CONCLUSION

IT IS THEREFORE ORDERED that Appellee's Motion to Dismiss Appeal of Order Denying Motion to Set Aside Order Entered August 17, 2011, is GRANTED.

IT IS FURTHER ORDRERD that Appellants' Countermotion for Order Setting Aside Confirmation for Lack of Subject Matter Jurisdiction is DENIED.

IT IS FURTHER ORDERED that the Appeal referred by the Bankruptcy Appellate Panel is DISMISSED.

The Clerk is directed to close this case.

DATED THIS 16th day of January 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE